[Civ. No. 12433–S.   Second Appellate District, Division One.—March 27, 1940.]

In the Matter of the Estate of MARIE S. EATON, an Incompetent.   WILLIAM P. MAURER, as Executor, etc., Appellant, v. RALPH S. ARMOUR, as Guardian, etc., et al., Respondents.

Raphael Dechter and B. L. Hoyt for Appellant.

Charles J. Katz and Alfred Gitelson, *in pro. per.*, and Hansen & Sweeney and Samuel W. Blum for Respondents.

DORAN, J.—William P. Maurer, as executor of the Estate of Marie S. Eaton, an incompetent, appeals "from that certain order and judgment settling and allowing" the final account of the guardian, Ralph S. Armour, "and dismissing, overruling and denying the exceptions and objections of William P. Maurer, as Executor of the Estate of Marie S. Eaton, deceased, thereto, and from the whole thereof".

On May 9, 1936, Charles J. Katz and Alfred Gitelson, attorneys, on behalf of Frederick S. Schwinn, nephew of Marie S. Eaton, filed a petition in the superior court to have Marie S. Eaton declared an incompetent and for the appointment of Schwinn or the Union Bank and Trust Company of Los Angeles as the guardian of her person and estate. On or about August 10, 1936, after a contest wherein appellant William P. Maurer, in his individual capacity, sought to be appointed the guardian, the Security-First National Bank was appointed but declined to act; on August 31, 1936, the court appointed Ralph S. Armour as guardian of the person and estate of Marie S. Eaton, and he thereupon qualified and entered upon the performance of his duties.

On November 6, 1936, a current account of the guardian and a petition for fee to the guardian, and also a petition for allowance of attorneys' fees to attorneys for the guardian were filed, and the same were set for hearing on November 27, 1936. It is urged by the respondent guardian that the provisions of section 1200 of the Probate Code were followed with regard to notice of said hearing.

On November 15, 1936, Marie S. Eaton died.

On November 17, 1936, Katz & Gitelson filed a petition for allowance of attorneys' fees in the matter of the petition of Frederick S. Schwinn for the appointment of a guardian, and the same was also set for hearing on November 27, 1936. In like manner it is urged by respondents Katz & Gitelson that the provisions of section 1200 of the Probate Code were followed with regard to notice of the hearing of said matter, and that copies of the petition and notice of hearing were served upon the guardian.

On November 27, 1936, settlement of the current account and each of the aforesaid petitions came on for hearing, and the court, after receiving evidence in respect thereto made the three following separate orders: Settled the current account and allowed the guardian $3,500 for services rendered; authorized and directed the guardian to pay the sum of $3,500 to Hansen & Sweeney (attorneys for the guardian) for services rendered; authorized and directed the guardian to pay the sum of $1500 to Katz & Gitelson for services rendered.

In each of said orders the court also found that due notice of the hearings had been given. No appeal was taken from the orders, or any of them.

Thereafter, and pursuant to the aforesaid orders, the guardian made the payments as provided therein. None of the payments so made appear in the so-called current account settled on November 27, 1936.

On January 18, 1937, appellant William P. Maurer was appointed executor of the estate of Marie S. Eaton.

■ On February 4, 1937, the guardian filed his final account setting forth therein and seeking credit for the payment of the fees as aforesaid. Appellant executor filed objections to the account, and at the same time filed a petition to set aside the orders made on November 27, 1936. A demurrer, motion to strike and a return were filed by Katz & Gitelson to said petition, and a return was also filed by the respondent guardian.

The matter of the petition of executor to set aside the orders of November 27, 1936, was heard and determined at the hearing on May 11, 1937. Katz & Gitelson, joined in by the guardian, objected to the hearing thereof on the ground that the orders in question were regular on their face and had become final. After argument, the court sustained objections to said petition and proceeded to hear the objections to the guardian's final account. This hearing involved the guardian's final account and appellant's objections thereto, which included the objection to the three items relating to the payment of the fees by the guardian, as aforesaid. The formal order settling the final account was entered July 1, 1937, upon which order and the judgment following the same, the appeal herein is based.

In the lower court the executor, appellant herein, objected to the approval of the final account on the ground that due notice had not been given, pursuant to section 1200 of the Probate Code, of the hearing on November 27, 1936, and that the fees allowed were excessive. The trial court held that the orders made on November 27, 1936, had become final; that such matter was *res judicata* and that the court was without authority to go into the matter again, whereupon objections to the introduction of any evidence in support of the executor's contentions were sustained. The same contentions are renewed by the executor on appeal.

Applying the general rule, it is only when the judgment or decree becomes final that the matter is *res judicata*. There can be but one final judgment or its equivalent in any pro-

ceeding. Such intermediate orders, sought to be relied upon as final, are as a matter of law not final and cannot be given such effect by any voluntary or gratuitous order of the court. The statutes alone govern, and for obvious reasons, for any other procedure would result in as many methods as there are judges.

There is no provision of the Probate Code which operates to establish as final an order approving the current or intermediate account of a guardian. When the required conditions are present, and by virtue of statutory authority, courts may be petitioned for orders authorizing certain action and the decree in connection therewith may be final, but the court has no inherent power to establish such authority and conditions. There is nothing in the law which requires that either the fixing of the guardianship fee or the payment thereof shall be by petition and special order or decree. Hence, such claim by the guardian may be presented as a simple item of current or intermediate account and approved or disallowed as such by the court in appropriate proceedings. And the same is true with regard to the claim of respondent Katz & Gitelson for attorneys' fees. Such a claim could properly have been presented through the guardian as an item of an intermediate account. The fact, therefore, that these claims were presented by a separate petition and settled by special order and decree on the same day and at the same time that the current account was settled does not alter their identity as simple items of account, subject to the rules for the settlement of such items, and subject, also, to objection, inquiry and approval at the hearing on the settlement of the final account. Therefore, unless the guardianship fee and the attorneys' fees amounted to anything more than items of account, no special court order, except as authorized by law, could give them a different effect. In the absence of statutory authority or necessity, the formal petitions for authority to pay the fees and as well the special orders authorizing the payments thereof were superfluous and created no barrier, either by virtue of the doctrine of *res judicata* or otherwise, which would or could serve to prevent the inquiry sought to be pursued by appellant at the hearing on the *final* account.

It is true that section 1516 of the Probate Code gives the court power; upon petition of the guardian, to instruct such guardian as to the disposition, management, care, *et cetera,* of

the estate. No suggestion, however, appears in the above-mentioned provision that such instruction shall have the effect of a final order or decree, or that the guardian's fee can be paid only upon petition therefor by the guardian. Section 1556 of the Probate Code suggests the contrary, for there it is provided that "Every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust, and shall have such compensation for his services as the court in which his accounts are settled deems just and reasonable." In other words, the guardianship fee can be set up and claimed as an item of account and paid as such without the formality of a petition and special order or decree. This being so, such an order or decree adds nothing to what otherwise would be the approval of an account in the orderly and ordinary administration of the ward's estate. Although the procedure followed by respondents may be convenient and without valid objection, nevertheless such an order is not final, and the doctrine of *res judicata* does not apply thereto. To hold otherwise would give to an order merely settling an intermediate account the quality of finality. " . . . the settlement of the guardian's 'intermediate account' is not conclusive; but that it is 'merely *prima facie* evidence of its correctness, subject to being inquired into'." (*Guardianship of Di Carlo*, 3 Cal. (2d) 225 [44 Pac. (2d) 562, 99 A. L. R. 990]; see, also, *Guardianship of Vucinich*, 3 Cal. (2d) 235 [44 Pac. (2d) 567].)

Appellant was entitled to make the showing sought to be made at the hearing of the final account. The question as to the sufficiency of the notice is beside the issue. The fact, if it was a fact, that such notice was sufficient does not affect the right to challenge the account at the final hearing thereof.

For the foregoing reasons the order and judgment settling and allowing the final account of the guardian, Ralph S. Armour, and dismissing, overruling and denying the exceptions and objections thereto of William P. Maurer, the executor of the Estate of Marie S. Eaton, deceased, are and each of them is, reversed.

York, P. J., and White J., concurred.

Petitions by appellant and respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1940. Carter, J., voted for a hearing.